# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| MMA FERN HALL CROSSING LLC, and ) | |
| BFIM SPECIAL LIMITED PARTNER, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-12486 |
| ) | |
| BRADLEY-FERN HALL I, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Fed R. Civ. P. 26(f), Local Rule 16.1 and the Notice of Scheduling Initial Scheduling Conference issued on February 8, 2019 in the above-caption case, plaintiff MMA Fern Hall Crossing, LLC and BFIM Special Limited Partner, Inc. (together the "Limited Partners"), and defendant Bradley-Fern Hall I, LLC, (the "General Partner")(together, the "Parties") hereby submit the following Joint Statement in anticipation of the Initial Scheduling Conference set for March 7, 2019 at 12:00 p.m..

### I.    Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), the Parties have conferred. This Joint Statement reports the results of that conference.  The Parties jointly propose a discovery plan and pre-trial schedule as set forth below.

### II.    Agenda for March 7, 2019 Scheduling Conference

The Parties believe the following matters should be discussed at the Scheduling Conference on March 7, 2019:

A.      The General Partner's Motion to Dismiss;

B.      The Limited Partners' Motion For Leave to File Second Amended Complaint;

C.      Settlement Proposals;

D.      Proposed Pre-Trial Schedule;

E.       Status of the appraisal necessary for the General Partner's exercise of its Option

to purchase the Limited Partners' interests in the Fern Hall Partnership.

## III.   **Case Management Schedule**

The Parties have met and conferred with respect to the timing of the discovery schedule.

The Parties propose the following for discovery:

| Action | Deadline |
|---|---|
| Initial Disclosures under Fed. R. Civ. P 26(a)(1) | March 21, 2019 |
| Motions pursuant to Rules 19 and 20 | April 1, 2019 |
| Close of Non-Expert Fact Discovery, including completion of depositions of fact witnesses | September 20, 2019 |
| Identification of all trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) | October 21, 2019 |
| Service of expert reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B) | October  21, 2019 |
| Service of responses to expert reports and disclosures | November 21, 2019 |
| Service of rebuttals to expert reports | Rebuttals to expert reports are not required |
| Completion of expert depositions | December 20, 2019 |
| Parties shall file all dispositive motions, including motions for summary judgment<br>• Oppositions to Motions<br>• Reply | January 31, 2020<br><br>31 days of receipt<br>21 days of receipt<br><br>Briefing completed by |

| | March 23, 2020 |
|---|---|
| Limited Partners' Additional Proposal: Sur-Replies | 21 days of receipt<br><br>Briefing completed by April 13, 2020 |
| Pre-trial disclosures, conferences between the Parties, and filing of joint pre-trial memorandum | Pursuant to time frames set forth in Fed. R. Civ. P. 26(a)(3), and Local Rule 16.5(c) and 16.5(d) with reference to date for final pre-trial conference as set by Court |
| Pre-trial Conference | Set by Court |
| Filing of trial briefs, including requests for rulings or instructions | Pursuant to time frame set forth in Local Rule 16.5(f) with reference to date for trial as set by Court |
| Trial | Set by Court |

## IV.   Subjects on Which Discovery May Be Needed

Without prejudice to the right to seek discovery on additional subjects at a later date or to object to any request for discovery, the Parties state that discovery may be sought and/or needed on the subjects set forth below.  The Parties do not necessarily agree that all topics are appropriate for discovery, nor that this list of subjects is comprehensive.

      A.   The Limited Partners' Proposal

        1.   Valuation of the Investor Limited Partner's Interest.

        2.   Any appraisal performed in connection with valuing the Investor Limited Partner's Interest including all communications with the appraiser engaged by the General Partner.

        3.   The Limited Partners' capital accounts.

       B.     <u>The General Partner's Proposal</u>

In connection with valuation of the Investor Limited Partner's Interest: the Limited Partners' Investment Assumptions and related financial schedules, underlying assumptions, and residual value analysis, and any projected return on investment and related financial forecasts created by or for the Limited Partners.

## V.    <u>Discovery of Electronically Stored Information</u>

The Parties' electronic documents, which may be identified for potential production by application of reasonable search terms, are to be produced on CDs, DVDs or hard drives in pdf files.  Generally, documents need not be produced in native format and no metadata or native files need be produced.  However, specific documents in native format, or metadata or native files will be produced upon reasonable request by a party.  A party may not refuse to produce documents requested in native format or metadata or native files without first seeking a court order.

## VI.    <u>Trial by Magistrate Judge</u>

Pursuant to Local Rule 16.1(B)(2), the Parties have discussed the possibility of trial before a United States Magistrate Judge, but do not consent thereto at the present time.

## VII.    <u>Settlement</u>

The Parties engaged in preliminary settlement negotiations pursuant to Local Rule 16.1(C).  The Limited Partners presented a settlement proposal to the General Partner on February 21, 2019.  On February 26, 2019, the General Partner rejected that proposal with a counteroffer which the Limited Partners rejected.

### VIII.   **Work Product and Privilege Claims**

#### A.      **Inadvertent Waiver**

The Parties propose that if documents or information subject to a claim of attorney-client privilege or work product immunity are produced inadvertently, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or an estoppel as to, any claim of privilege or work product immunity for such documents or information.  If a party provides notice to the other that the notifying party has inadvertently produced documents or information subject to a claim of privilege or immunity, upon written request made by the producing party, the documents or information for which such a claim is made, including all copies, shall be returned within fourteen (14) days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  In the absence of a challenge, any document or material reflecting the contents of such documents or information shall be expunged.  If a receiving party objects to the return of such documents or information, the receiving party must move the Court for an order allowing it to retain such documents or information within the fourteen (14) day period described above.  Pending the Court's ruling, a receiving party shall not make any use of such documents or information.  All documents or information found by the Court to be privileged or protected from disclosure shall be destroyed and not used thereafter for any purpose.

#### B.      **Privilege Logs**

Privilege logs are to be served no later than twenty-one (21) days after production of the last set of responsive discovery materials.  In general, privilege logs need not include privileged communications or work product generated after inception of the litigation, even if such communications or work product are otherwise responsive.

-5-

**IX.**   **Certifications Pursuant to Local Rule 16.1(D)(3)**

(i)     The Limited Partners' certification is attached as Exhibit A; and

(ii)    The General Partner's certification is attached as Exhibit B.

Respectfully submitted,                          Respectfully submitted,

MMA FERN HALL CROSSING LLC, and          BRADLEY-FERN HALL I, LLC,
BFIM SPECIAL LIMITED PARTNER, INC.,

By their attorneys,                              By its Attorneys,

/s/ Karen E. Friedman                            /s/Andrea L. Martin
David E. Lurie, (BBO #542030)                    Andrea L. Martin (BBO 666117)
Karen E. Friedman (BBO #548943)                  BURNS & LEVINSON LLP
LURIE FRIEDMAN, LLP                              125 Summer Street
One McKinley Square                              Boston, MA 02110-1624
Boston, Massachusetts  02109                     (617) 345-3000
(617) 367-1970                                   amartin@burnslev.com
Fax: (617) 367-1971
kfriedman@luriefriedman.com                      David A. Davenport (admitted *pro hac*
dlurie@luriefriedman.com                         *vice*)
                                                 WINTHROP & WEINSTINE, P.A.
                                                 225 S. Sixth Street, Ste. 3500
                                                 Minneapolis, MN 55402
                                                 DDavenport@winthrop.com

                                                 (612) 604-6716

Dated:  February 28, 2019

## CERTIFICATE OF SERVICE

I, Karen E. Friedman, hereby certify that this document filed through the CM/ECF system be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 28, 2019.

/s/ Karen E. Friedman
Karen E. Friedman (BBO #548943)